UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUIS JIMENEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VITALANT and JOHN DOES 1-10,<br><br>Defendant. | Case No. 1:22-cv-03331 |

## CLASS ACTION COMPLAINT

**NOW COMES** LUIS JIMENEZ ("Plaintiff), individually, and behalf of all others similarly situated, by and through his undersigned counsel, complaining of VITALANT and JOHN DOES 1-10 ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

6. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Pingree Grove, Illinois.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant holds itself out as a non-for-profit organization that collects blood from volunteer donors.

9. Defendant maintains its principal place of business in Scottsdale, Arizona.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. JOHN DOES 1-10 are third party vendors/agents that Defendant engages to place outbound marketing calls to individuals on Defendant's behalf.

12. At all times relevant, Defendant had an agency relationship with JOHN DOES 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of JOHN DOES 1-10 (as the agents) and JOHN DOES 1-10 (as the agents) had the authority to act on behalf of Defendant. Accordingly, Defendant, as the principal of JOHN DOES 1-10, is liable for the acts of its agents JOHN DOES 1-10.

## FACUTAL ALLEGATIONS

13. Upon information and belief, Defendant develops marketing campaigns using a combination of sales channels, with an emphasis on outbound telemarketing.

14. Upon information and belief, Defendant utilizes third-party vendors (John Does 1-10) to recruit blood donor volunteers.

15. Upon information and belief, Defendant's vendors are essential to the success of its telemarketing campaigns.

16. Upon information and belief, Defendant's ability to solicit blood donor volunteers significantly depends on its access to high-quality vendors.

17. Defendant is subject to liability under the TCPA for actions of its third-party vendors who engage in outbound telemarketing efforts on Defendant's behalf.

18. Upon information and belief, Defendant's third-party vendors identify themselves as representatives of "Vitalant."

19. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 1979.

20. At all times relevant, Plaintiff's number ending in 1979 was assigned to a cellular telephone service.

21. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

22. At all times relevant, Plaintiff's cellular telephone number ending in 1979 has been registered on the National Do Not Call List.

23. Approximately five years ago, Plaintiff donated blood to Defendant.

24. After Plaintiff donated blood five years ago, Defendant would place periodic calls to Plaintiff in an attempt to encourage Plaintiff to donate more blood.

25. Since donating blood approximately five years ago, Plaintiff has not donated any blood to Defendant.

26. On May 19, 2022, Defendant placed a solicitation call to Plaintiff and left the following prerecorded message ("robocall") on Plaintiff's cellular phone:

> "Hello, this is Pressure with Vitalant. Curious if you have COVID-19 antibodies? Find out by donating blood. We'll share your antibody test results in your secure online donor account, and if you qualify, plasma from your blood donation could help COVID-19 patients. Please schedule your appointment today. Call 877-258-4825 or visit vitalant.org. Thank you."

27. In the first week of June 2022, Defendant placed an additional two robocalls to Plaintiff's cellular phone and left the identical message described in Paragraph 26.

28. On June 10, 2022, frustrated and annoyed with the robocalls, Plaintiff went on Defendant's website and utilized the chat box to request that Defendant's calls cease.

29. Specifically, Plaintiff sent a chat message to Defendant stating:

> "Hello, could you please add my number to the do not call list. (773) XXX-1979. Thanks!"[1]

30. Defendant responded to Plaintiff's chat message by stating that it received Plaintiff's request.

31. Despite Plaintiff's written request that Defendant cease its solicitation calls, Defendant continued to place solicitation calls to Plaintiff's cellular phone number.

32. Specifically, on June 15, 2022 and June 23, 2022, Defendant placed robocalls to Plaintiff's cellular phone number and left the identical message described in Paragraph 26.

33. It was clear to Plaintiff that Defendant's voicemails utilized an artificial and/or prerecorded voice because (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) the voicemails were all monotone and were conspicuously not left by a live representative; (4) the purported caller was always "Pressure"; (5) none of the

---

[1] Plaintiff provided his full number to Defendant. The full number is not provided herein for privacy purposes.

voicemails identified Plaintiff by name; and (6) all voicemails directed Plaintiff to call the same number to speak to an unidentified representative.

34. Notably, all of Defendant's robocalls did not cause Plaintiff's cellular phone to ring. Instead, the voicemail messages were delivered via a "ringless voicemail drop."[2]

35. At no point in time did Plaintiff provide Defendant with consent to place solicitation calls to his cellular phone number.

## DAMAGES

36. Plaintiff values his time, privacy, and solitude.

37. Defendant's unlawful marketing practices have caused Plaintiff concrete harm, including: invading Plaintiff's privacy, annoyance, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the solicitation calls, decreased productivity, aggravation that accompanies unwanted solicitation calls, frustration, loss of concentration, and the loss of battery charge.

38. Plaintiff is married with children. Each time Defendant left a message on Plaintiff's cellular phone, Plaintiff was forced to drop whatever he was doing and check his voicemail to make sure that there was no emergency involving his family that required his immediate attention.

39. Concerned with the escalation of Defendant's invasive marketing practices, Plaintiff was forced to file this lawsuit to compel Defendant to cease its unlawful telemarketing practices.

---

[2] A ringless voicemail drop is a communication method in which a pre-recorded audio message is placed in the recipient's voicemail inbox without causing the recipient's phone to ring.

## CLASS ALLEGATIONS

40. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Classes") defined as follows:

### Prerecorded Message Class

All individuals in the United States (1) to whom Defendant, or a third party acting on Defendant's behalf, placed, or caused to be placed, a phone call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's prior express written consent; (5) within the four years preceding the date of this complaint through the date of class certification.

### Do-Not-Call Registry Class

All individuals in the United States (1) to whom Defendant, or a third party acting on Defendant's behalf, placed, or caused to be placed, a phone call; (2) directed to a residential or cellular telephone number; (3) that is registered on the national do-not-call registry; (4) in which the purpose of the call was to solicit blood donations; (5) within the four years preceding the date of the original complaint through the date of class certification.

42. The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

43. Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

44. The exact number of the members of the Putative Classes is unknown to Plaintiff at this time and can only be determined through targeted discovery.

45. The members of the Putative Classes are ascertainable because the Classes are defined by reference to objective criteria.

46. The members of the Putative Classes are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant or its third-party vendors.

### B. Commonality and Predominance

47. There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Classes.

48. Those questions predominate over any questions that may affect individual members of the Putative Classes.

### C. Typicality

49. Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as a result of Defendant's unlawful marketing practices.

### D. Superiority and Manageability

50. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

51. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

52. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

53. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

**E.     Adequate Representation**

54. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

55. Plaintiff has no interests antagonistic to those of the members of the Putative Classes and Defendant has no defenses unique to Plaintiff.

56. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 et. seq.)**
**(On behalf of Plaintiff and the Members of Prerecorded Message Class)**

57. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

58. Under the TCPA consent rules, some types of calls require prior express written consent, while other types of calls do not require that the consent be in writing.

59. "Prior express written consent" is required for (a) all telemarketing/promotional calls/texts made using an automatic telephone dialing system ("ATDS") placed to wireless

numbers, and (b) all artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers

60. The TCPA consent rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.[3]

61. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an *artificial or prerecorded voice*" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

62. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing or causing to be placed no less than five (5) solicitation calls to Plaintiff's cellular phone number, utilizing an artificial or prerecorded voice, without Plaintiff's prior express written consent.

63. As pled above, Defendant used an artificial or prerecorded voice in the voicemail messages it delivered to Plaintiff's cellular phone via a ringless voicemail drop.

64. As pled above, Plaintiff never provided Defendant with consent to place solicitation calls to his cellular phone number.

---

[3] 47 C.F.R. §§ 64.1200(a)(2) and (3)

65. Moreover, as pled above, Plaintiff revoked any prior consent Defendant may have believed it had by requesting (in writing) that Defendant cease its calls through the chat feature on Defendant's website.

66. Upon information and belief, it is Defendant's business practice to place robocalls to consumers without their prior express written consent.

67. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that Defendant has the requisite consent to place solicitation calls to consumers.

68. As a result of Defendant's willful violations of the TCPA, Plaintiff and the members of the Prerecorded Message Class are entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE,** Plaintiff, on behalf of himself and the members of the Prerecorded Message Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

C. judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D. judgment in favor of the Prerecorded Message Class for Defendant's violations of the TCPA;

E. an award of $500.00 in damages to Plaintiff and the members of the Prerecorded Message Class for each violating call;

  F.  an award of treble damages up to $1,500.00 to Plaintiff and the members of the Prerecorded Message Class for each violating call; and

  G.  any further relief this Court deems just and proper.

## COUNT II:
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Do-Not-Call Registry Class)**

  69.  All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

  70.  Pursuant to 47 C.F.R. §64.1200(c)(2) (a regulation based on 47 U.S.C. §227(c)), it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-no-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC,* 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

  71.  Defendant violated 47 C.F.R. §64.1200(c)(2) by placing or causing to be placed no less than five (5) solicitation calls to Plaintiff's wireless telephone number, which is registered on the national do-not-call registry, without Plaintiff's consent.

  72.  As pled above, Plaintiff never consented to receiving solicitation calls from Defendant.

  73.  Moreover, as pled above, Plaintiff revoked any prior consent Defendant may have believed it had by requesting (in writing) that Defendant cease its calls through the chat feature on Defendant's website.

74. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls to phone numbers that are registered on the national do-not-call registry.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Do-Not-Call Registry Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

C. judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D. judgment in favor of the Do-Not-Call Registry Class for Defendant's violations of the TCPA;

E. an award of $500.00 in damages to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call;

F. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call; and

G. any further relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: June 27, 2022                                    Respectfully submitted,

                                                       **LUIS JIMENEZ**

                                          */s/ Mohammed O. Badwan*
                                          Mohammed O. Badwan
                                          SULAIMAN LAW GROUP, LTD.
                                          2500 South Highland Avenue
                                          Suite 200
                                          Lombard, Illinois 60148
                                          (630) 575-8180
                                          mbadwan@sulaimanlaw.com